UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD L. LEWIS, | ) |
| Plaintiff, | ) ) ) No. 3 09 0587 |
| v. | ) (No. 3:09mc0101) ) Judge Echols |
| SERGEANT HOLLER, ET AL., | ) ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *in forma pauperis*, is a prisoner in the Lois M. DeBerry Special Needs Facility (DeBerry) in Nashville. He brings this *pro se* action under 42 U.S.C. § 1983, naming the following defendants: 1) Sergeant f/n/u Holler; 2) Corporal f/n/u Duckett; and 3) Corporal f/n/u Fielder. The defendants were employed as corrections officers at DeBerry at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

The complaint sets forth four claims: first, the defendants would not return the plaintiff's personal property to him, including his legal materials; second, the defendants interfered with the plaintiff's access to the courts by not returning his legal materials; third, the plaintiff is being treated differently than other inmates with respect to the return of his personal property; and fourth, the defendants' actions have caused emotional injury, thereby subjecting him to cruel and unusual punishment. (Docket Entry No. 1, ¶ IV, Attach. Griev.)[1]

---

[1] The plaintiff has submitted a copy of a grievance that he filed as the statement of his claim.

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Plaintiff's Official Capacity Claims

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Will v. Michigan Dept of State Police*, 491 U.S. 58, 71 (1989), in this case, the State of Tennessee. However, governmental entities cannot be held responsible for a constitutional

2

deprivation, unless there is a direct causal link between a governmental policy or custom and the alleged violation of constitutional rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the State of Tennessee. Consequently, the State of Tennessee has no liability under § 1983 in this matter.

## B. Plaintiff's Individual Capacity Claims

### 1. Plaintiff's Property Claim

The plaintiff asserts that the defendants would not return his personal property.[2] The law on this issue is well established.

A negligent or unintentional deprivation of property is not actionable under § 1983. *See Daniels*, 474 U.S. at 328. In cases involving an intentional deprivation of property, a plaintiff may not bring a § 1983 suit claiming a denial of procedural due process if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)(extending *Parratt*, 451 U.S. at 543-44 to intentional property deprivations). Dismissal of a § 1983 procedural process claim is appropriate where: 1) the deprivation was unpredictable or random; 2) pre-deprivation process was impossible or impracticable; 3) the state actor was not authorized to take the action that deprived the plaintiff of his property. *Zinermon v. Burch*, 494 U.S. 113, 136-39 (1990); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). If any of these conditions are present, a § 1983 procedural due process claim will be dismissed unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. *Hudson*, 468 U.S. at 531-33; *Copeland*, 57 F.3d at 479.

---

[2] The plaintiff asserts that the defendants told him that he "would have to wait [un]til [he] came off the 7-C unit," the inference being that he was not in the general population at the time of the defendants' alleged actions (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2)

3

The Sixth Circuit has previously held that Tennessee provides adequate post-deprivation remedies. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985). The plaintiff does not argue that he pursued post-deprivation remedies available to him in state court, or that having done so, that the remedies available to him are inadequate.

### 2. Plaintiff's Claim That the Defendants Interfered with His Access to the Courts

The plaintiff asserts that he needed his legal materials because he had a deadline pending, and that he "could possibly be 'time barred' on getting [his] case back in court . . ." (Docket Entry No. 1, ¶ IV, Attach. Griev. p. 2 of 2).

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). However, it is not enough for plaintiff simply to claim that he was denied access to the courts. To state a claim on which relief may be granted, the plaintiff must show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). The plaintiff does not allege, nor can it be liberally construed from the complaint, that he was prejudiced in the filing or prosecution of any legal matter.

### 3. Plaintiff's Equal Protection Claim

The plaintiff asserts that two other inmates were given their personal property at the same time he claims that the defendants refused to return his. (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2). Although the plaintiff does not characterize it as such, the Court liberally construes this allegation as an equal protection claim.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). The plaintiff has not

4

claimed that he is a member of a constitutionally protected class, and that defendants intentionally discriminated against the plaintiff because of his membership in that protected class.[3] *See Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir. 2000)(citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)); *Henry*, 922 F.2d at 341. The plaintiff asserts only that the defendants discriminated against him "[be]cause of their dislike of [him] due to past issues." (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2).

### 4. Plaintiff's Cruel and Unusual Punishment Claim

The plaintiff claims that the defendants' alleged actions have exacerbated his existing mental condition. (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2). More particularly, the plaintiff alleges that the defendants' alleged actions are "emotionally & mentally breaking [him] down." (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2).

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The statute pertains to such emotional or mental claims as those alleged by the plaintiff. *See Jarriett v. Wilson*, 162 Fed.Appx. 394, 400 (6th Cir. 2005)(collecting cases).

Although the physical injury required under § 1997e(e) need not be significant, it must be more than *de minimis* to rise to the level of an Eighth Amendment violation. *Id.* (citations omitted). The plaintiff does not allege any physical injury, *de minimis* or otherwise.

---

[3] The plaintiff does characterize the defendants' action as "racial discrimination." (Docket Entry No. 1, ¶ IV, Attach. Griev., p. 2 of 2). However, the plaintiff provides no facts from which it can be construed that he is a member of a protected class for equal protection purposes, and that the two inmates whose personal property was returned were not. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Prisoners are not members of a protected class for equal protection purposes. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

5

## III. CONCLUSION

The plaintiff's claims all lack an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge